IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SPECIALIZED MONITORING SOLUTIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:15-CV-36 |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| UNITED TECHNOLOGIES CORPORATION, | § § § | |
| Defendant. | § | |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Specialized Monitoring Solutions, LLC ("Plaintiff" or "SMS")  files this Complaint against United Technologies Corporation ("United Technologies") for infringement of U.S. Patent No. 6,657,553 (the "'553 Patent").

I.  THE PARTIES

1.      Plaintiff SMS is a Texas limited liability company, with its principal place of business at 104 East Houston Street, Suite 165, Marshall, Texas 75670.

2.      Defendant United Technologies is a Delaware corporation with its principal place of business at United Technologies Building, One Financial Plaza, Hartford, Connecticut 06101. United Technologies has appointed its agent for service as follows: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.  JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant is deemed to reside in judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district, and/or has regular and established places of business in this judicial district.

5.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents. Thus, Defendant has purposefully availed itself of the benefits of the state of Texas and the exercise of jurisdiction is proper.

## III.  FACTUAL BACKGROUND

6.      The '553 Patent is generally directed towards methods and apparatuses for monitoring a protected space. At a high level, the claimed methods and apparatuses detect signal events occurring at a protected space, code the signal events into a packetized message, and transfer these coded packet messages to a database. The coded packet messages are stored in reserved areas and subareas of the database in accordance with the type of signal event and the

respective protected space. Additionally, the coded message packets are accessible via the internet.

7.      Defendant's accused instrumentalities— including Automated Logic's WebCTRL and Interlogix's monitoring solutions—enable Defendant and Defendant's customers to integrate and monitor building systems for a respective building or group of buildings. For instance, the accused products enable a facility manager to utilize any internet-connected computer with a web browser to log on to a site to check a monitored variable of a protected space (e.g. the temperature or humidity levels in a server room). On information and belief, the infringing combinations include, but are not limited to, Defendant's software and sensors, controllers, routers, databases, and computers used in conjunction with this software.

8.      Defendant installs and implements the accused instrumentalities for its customers, who operate them in accordance with Defendant's specific instructions.  Defendant provides support and maintenance for the accused instrumentalities.

9.      On information and belief, Defendant operates offices throughout the State of Texas, including offices at least in Cedar Park, Pasadena, Universal City, Lubbock, Richardson, and El Paso.

## IV.  PATENT INFRINGEMENT

### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 6,657,553

10.     Plaintiff is the assignee of the '553 Patent, entitled "METHOD OF MONITORING A PROTECTED SPACE," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of

infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude Defendant, the exclusive right to sue Defendant, the exclusive right to settle any claims with Defendant, and the exclusive right to grant a sublicense to Defendant.  A true and correct copy of the '553 Patent is attached as Exhibit A.

11.     Defendant has infringed and continues to directly infringe one or more claims of the '553 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling the claimed method and system. At a minimum, Defendant has been, and now is, directly infringing claims of the '553 Patent, including (for example) at least claims 1 and 35, by making, having made, offering for sale, selling and/or using its building automation systems and services.

12.     Defendant has knowledge of the '553 Patent at least as early as the date of service of this Complaint.

13.     Defendant has indirectly infringed the '553 Patent by inducing the infringement of the '553 Patent. With knowledge of the '553 Patent, Defendant instruct, directs and aids its customers in using the infringing apparatus and method by the provision of its software, sensors, networking hardware, and instruction (including, by way of example, the online training and support available at http://www.interlogix.com/library/ and http://www.automatedlogic.com/automated-logic-training/) to customers with knowledge that the induced acts constitute patent infringement. Defendant possesses specific intent to encourage infringement by its customers.

14.     Plaintiff alleges that each and every element is literally present in the accused systems. To the extent not literally present, Plaintiff reserves the right to proceed under the doctrine of equivalents.

15.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.   PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.     Judgment that one or more claims of U.S. Patent No. 6,657,553 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Facsimile:  (512) 539-2627

*Counsel for Plaintiff*
*Specialized Monitoring Solutions, LLC*